**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ARMANDO VALLEJO MARTINEZ and SANDRA VALLEJO MARTINEZ,<br><br>Petitioners,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-70699<br><br>Agency Nos.     A093-366-522<br>                     A200-795-615<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Armando Vallejo Martinez and Sandra Vallejo Martinez, natives and

citizens of Mexico, petition pro se for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's

decision denying their applications for cancellation of removal. Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law. *Vilchez v. Holder,* 682 F.3d 1195, 1198 (9th Cir. 2012). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary decision, pursuant to 8 U.S.C. § 1101(f) (final paragraph), that petitioners lacked good moral character. *See Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006).

We do not reach petitioners' contention that the agency's good moral character determination was based on a legally erroneous interpretation of the tax laws because the good moral character determination was based also on petitioners' inconsistent testimony, and petitioners do not raise a question of law as to that basis. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation and quotation marks omitted)).

Petitioners' contention that the agency violated their right to due process by failing to provide them with a full and fair hearing is not supported by the record. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926-27 (9th Cir. 2007) ("Where an alien is given a full and fair opportunity to be represented by counsel, prepare an

application for . . . relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process.").

Petitioners' contention that the agency failed to provide specific, cogent reasons to support its determination is not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**